UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Vladimir M. Gorokhovsky,   Case No. 17-28901-beh

　　Debtor.   Chapter 7

---

Vladimir M. Gorokhovsky,

　　Plaintiff,

v.   Adv. No. 17-2360

Larissa Ocheretner,

　　Defendant.

---

**MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS**

　　The debtor's two-count adversary complaint, seeking a determination of nondischargeability of a debt under a divorce judgment, and alleging a breach of a Marital Settlement Agreement, will be dismissed as a matter of law. In September 2017, Vladimir Gorokhovsky filed a Chapter 7 bankruptcy petition. Two months later, he filed a one-count adversary complaint against his ex-wife Larissa Ocheretner, seeking a determination that a substantial debt owed to her by virtue of a 2011 divorce judgment is dischargeable in his bankruptcy case. He later amended his complaint to add a second count, for an alleged prepetition breach of the parties' Marital Settlement Agreement. Ms. Ocheretner responded with an answer and a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and (b)(1).

## BACKGROUND

　　Mr. Gorokhovsky's amended complaint includes the following allegations of fact. In March 2011, he and Ms. Ocheretner were divorced in Ozaukee County Circuit Court. A copy of the state court divorce judgment is appended to the original complaint as an exhibit. The judgment, which incorporates the parties' Marital Settlement Agreement (MSA), obligates Mr. Gorokhovsky to pay Ms. Ocheretner a series of "Section 71 payments"—named after Internal

Revenue Code section 71—over a period of five years, in the total sum of $128,000. *See* CM-ECF Doc. No. 1-1, at 7. The MSA describes these payments as being "in the nature of support and non-dischargeable in bankruptcy." *Id.* at 19.

The MSA also includes an addendum drafted by Mr. Gorokhovsky, which describes the intent/purpose of these payments:

> A. Parties stipulate and agree that their mutual intent in entering into this contractual agreement is to allow Ocheretner to recoup her investment in the sum of One Hundred Twenty Thousand Dollars ($120,000) she made on or about November, 2008 into the Huron real estate project.
>
> > 1. Ocheretner further acknowledges that said amount of investment in the sum of One Hundred Twenty Thousand Dollars ($120,000) was obtained by her from the sale of her house in Kentucky subsequent to her relocation to Wisconsin in February of 2005.

*Id.* at 29.

Mr. Gorokhovsky describes the Section 71[1] payments as a repayment of Ms. Ocheretner's contribution of $120,000 to the purchase of a condominium they shared in Chicago. *See* CM-ECF Doc. No. 11, ¶¶ 12, 17 (labeling the obligation as one "to repay [Ms. Ocheretner] the sum of $120,000 for her investments made in Huron property," and "for repayment [of Ms. Ocheretner's] down-payment made by her in Huron property in the sum of $120,000"). He asserts that the obligation is dischargeable as a result, although the only section of the Bankruptcy Code that the complaint cites in support is § 523 generally.

Mr. Gorokhovsky further alleges that Ms. Ocheretner breached the parties' MSA by refusing to (1) transfer title to the Huron property to him, and (2) participate in a mortgage modification process needed to avoid the prepetition foreclosure of the Huron property.

---

[1] The amended complaint mistakenly refers to these as "Chapter 51" payments. CM-ECF Doc. No. 11, ¶ 17.

## ARGUMENTS

Ms. Ocheretner has moved to dismiss the debtor's first cause of action for failure to state a claim. She alleges that Mr. Gorokhovsky's obligation to pay Section 71 payments to her is not dischargeable under 11 U.S.C. section 523(a)(5) because the payments are a domestic support obligation. In the alternative, she contends, the payments are nondischargeable under 523(a)(15). Her reply brief focuses on section 523(a)(15) as the basis to dismiss under Rule 12(b)(6), conceding that a ruling on section 523(a)(5) likely will require the Court to resolve disputed issues of material fact. As to the second cause of action for breach of contract, Ms. Ocheretner maintains that (1) the complaint fails to state a claim; (2) the Court lacks subject matter jurisdiction to decide it; or alternately, (3) the Court should abstain.

In response, Mr. Gorokhovsky asserts—in both his brief and supporting affidavit[2]—that the debt owed to Ms. Ocheretner is dischargeable under section 523(a)(5) because the parties intended the Section 71 payments to be a property division and not a form of maintenance. Mr. Gorokhovsky does not offer a substantive response to the argument that the debt is nondischargeable under section 523(a)(15). Instead, he counters that "this request is not proper on [a] motion to dismiss because Ms. Ocheretner must sustain her specific

---

[2] The Court may consider Mr. Gorokhovsky's supporting affidavit without converting the motion to dismiss to a motion for summary judgment. Although a Rule 12(b)(6) motion must be limited to matters within the pleadings, *see* Fed. R. Civ. P. 12(d), "[a] plaintiff . . . has much more flexibility in opposing a Rule 12(b)(6) motion. . . . [A] party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). As long as the new facts are consistent with the pleadings, the Court may consider them in deciding a motion to dismiss. *See Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001) ("'A plaintiff need not put all of the essential facts in the complaint;' he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint.") (quoting *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992)); *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) ("The party defending the adequacy of a complaint may point to facts in a brief or affidavit 'in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.'") (quoting *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992)). Mr. Gorokhovsky's affidavit satisfies this requirement. It does not put forth new arguments or allege any facts inconsistent with the complaint.

burdens," and that asking the Court to dismiss the complaint "is an equivalent of asking this Court to short-cut the legal process and to forego any attempt to make her sustain her burden." He then declares that the term "debt," as used in section 523(a)(15), does not include a "recoupment" of an investment, and further contends that the motion cannot be granted because Ms. Ocheretner has not provided any evidence to establish that the payments are a debt within the meaning of section 523(a)(15).

Mr. Gorokhovsky does not respond at all to Ms. Ocheretner's arguments that the second, state-law cause of action should be dismissed.

## ANALYSIS

### A.  Count 1: Dischargeability of the Debt

Ms. Ocheretner has moved to dismiss the debtor's first count under Federal Rule of Civil Procedure 12(b)(6) (incorporated by Bankruptcy Rule 7012), for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint rather than the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "The essence of a defendant's Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In deciding a 12(b)(6) motion, a court limits its review solely to the pleadings, which consist generally of the complaint, any attached exhibits, and supporting legal briefs. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). This Court's inquiry then, is whether the pleadings allege facts that could plausibly substantiate the debtor's claim that the debt owed to Ms. Ocheretner is dischargeable—in other words, that it does not fall within the scope of either section 523(a)(5) or (a)(15).

In a Chapter 7 case, a debt is not dischargeable if it is "for a domestic support obligation," § 523(a)(5), or "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph [523(a)](5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit," § 523(a)(15). Put simply, whether support or nonsupport, "[a]ll debts owed to a spouse, former spouse, or child of a debtor are nondischargeable [in a Chapter 7 case] if incurred in the course of a marital dissolution proceeding." *In re Jaeger-Jacobs*, 490 B.R. 352, 356 (Bankr. E.D. Wis. 2013).

The debtor spends the majority of his response brief disputing that the debt is a domestic support obligation under section 523(a)(5), making factual arguments about the parties' intent. But, as Ms. Ocheretner's reply brief recognizes, in the context of this Chapter 7 case, it is unnecessary for the Court to determine whether the debt falls within the more limited scope of section 523(a)(5), as long as the pleadings establish that it falls within the scope of section 523(a)(15). *See, e.g., id.* at 357 ("However, if the debts are not 'domestic support obligations,' they are still excepted from the debtor's discharge under section 523(a)(15). Therefore, it is not necessary for this Court in the context of this Chapter 7 case to determine whether they are nondischargeable under sections 523(a)(5) or 523(a)(15)."); *In re Hayden*, 456 B.R. 378, 382 (Bankr. S.D. Ind. 2011) ("If [the debtor's] case had arisen under Chapter 13 of the Bankruptcy Code, the Court would be required to determine whether this obligation is a DSO excepted from discharge by paragraph § 523(a)(5) or a debt 'to a spouse . . . that is [otherwise] incurred by the debtor in the course of a divorce or separation,' as described by § 523(a)(15). That

distinction is immaterial to the instant case because both types of debts are excepted from the Chapter 7 discharge.").[3]

Assuming—for purposes of this motion to dismiss *only*—that section 523(a)(5) does not apply to the debt, then the debtor's first count can survive this motion to dismiss only if the complaint and its attachments state a plausible claim that the debt is dischargeable under section 523(a)(15). The allegations in the complaint, as well as the divorce judgment, establish just the opposite. The debt at issue is owed to Ms. Ocheretner—it is "to a spouse, former spouse, or child of the debtor"—and it was incurred "in the course of a divorce" and "in connection with a . . . divorce decree." As a result, Mr. Gorokhovsky has not stated a claim that would entitle him to the requested relief—a discharge of this debt—and dismissal under Rule 12(b)(6) is appropriate.

The debtor's arguments to the contrary are unpersuasive. He first asserts that it is improper for the Court to grant Ms. Ocheretner's motion to dismiss under section 523(a)(15), because that will "short-circuit" Ms. Ocheretner's burden to establish the nondischargeability of her claim. He then contends that Ms. Ocheretner did not introduce any evidence to establish that a "debt" exists within the meaning of section 523(a)(15). But these positions misapprehend the standard used to decide a motion to dismiss. At this stage, the Court considers the sufficiency of the pleadings, and whether the debtor, as plaintiff, has met *his* burden of stating a plausible claim. Questions of evidence and burdens of proof come later. Or, in this case, not at all, because Mr. Gorokhovsky has pleaded himself out of court on his first cause of action. *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir.), *cert. denied*, 137 S. Ct. 510, 196 L. Ed. 2d 407 (2016) ("A plaintiff can plead herself out of court by alleging facts that show she has no legal claim.").

---

[3] For this reason, the Court need not address the legal arguments contained in the first 12.5 pages of Mr. Gorokhovsky's 13-page response brief, all of which support his argument that the debt at issue is not a domestic support obligation.

Additionally, Mr. Gorokhovsky's argument about the definition of a "debt" under section 523(a)(15)—and that it "presumably do[es] not include the term of 'rec[o]up' of investment"—is undeveloped,[4] and lacks any legal or factual support.[5] Taking the allegations of fact in the pleadings as true, the amended complaint establishes as a matter of law that the $120,000 debt to Ms. Ocheretner falls within the scope of section 523(a)(15) (assuming, without deciding, that section 523(a)(5) does not apply), and is not subject to discharge. The Court therefore will dismiss Count 1 of the debtor's amended complaint.

### B.    Count 2: Breach of Contract

Ms. Ocheretner has moved to dismiss Mr. Gorokhovsky's second cause of action for three reasons: the amended complaint fails to plead sufficient facts to state a claim, the Court lacks subject matter jurisdiction, and the Court should abstain. For the reasons explained below, the Court determines that either (1) Mr. Gorokhovsky lacks standing to pursue the claim, or (2) the Court lacks subject matter jurisdiction over the cause of action. Either way, Count 2 must be dismissed. The Court therefore need not address Ms. Ocheretner's alternate arguments for dismissal due to insufficient pleading, or abstention.

In challenging the Court's subject matter jurisdiction over Mr. Gorokhovsky's state claw claim, Ms. Ocheretner asserts that success of the claim would have no effect on creditors because "[Mr. Gorokhovsky] is pursuing that claim on his own behalf and the Chapter 7 trustee has abandoned the property of the estate." CM-ECF Doc. No. 49, at 6. A review of the record

---

[4] *See Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.") (internal quotations omitted).

[5] A debt is a "liability on a claim," and a claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. §§ 101(12), (5). This broad definition does not exclude "recoupments" or "repayments" as Mr. Gorokhovsky suggests. The complaint itself also contradicts this assertion; the debtor himself has asked the Court to determine that his "debt" to Ms. Ocheretner is discharged. *See* CM-ECF Doc. No. 11, at 3 ("Count One: Adversary Proceeding to Determine [Dischargeability] of Debts Pursuant to 11 U.S.C.A. § 523"); *id.* at ¶ 21 (requesting an "order of discharge of the above-identified non[]-priority debt in the sum of $120,000").

indicates that is not entirely accurate: the state law cause of action appears to remain property of the Chapter 7 estate. When Mr. Gorokhovsky filed his bankruptcy petition, his potential breach of contract cause of action became an asset of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"). Mr. Gorokhovsky did not disclose this asset in his schedules and therefore did not exempt it, nor was it formally abandoned by the trustee. *See* Case No. 17-28901-beh, Doc. No. 10 at 10, and Doc. No. 31-1 at 18 (failing to disclose his cause of action against Ms. Ocheretner in Schedule A/B as a claim against a third party, while listing a potential claim against Huron Hudson Condo Association); Doc. No. 47 (trustee's statement of abandonment, which does not include the claim against Ms. Ocheretner). And, because the potential cause of action was not disclosed, it also will not be abandoned by the closing of Mr. Gorokhovsky's Chapter 7 case. *See* 11 U.S.C. §§ 554(c), (d).

As a result, the Chapter 7 trustee—and not Mr. Gorokhovsky—has the sole ability to prosecute the claim. *See, e.g.*, *In re Heyer*, 583 B.R. 141, 148 (Bankr. N.D. Ill. 2018) (dismissing adversary complaint because Chapter 7 debtors lacked standing to prosecute claims belonging to the Chapter 7 estate) (citing *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016) ("In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate") (emphasis in original)); *see also In re Prochnow*, 467 B.R. 656, 665 (C.D. Ill. 2012) (Chapter 7 debtor lacked standing to pursue a prepetition asset that was never disclosed and thus never abandoned; furthermore, even if the debtor did have standing, he was judicially estopped from pursuing the asset due to his failure to disclose it); *In re Louden*, 106 B.R. 109, 111 (Bankr. E.D. Ky. 1989) (same, concerning a prepetition breach of contract claim).

But, solving the problem of standing creates another—statutory subject matter jurisdiction. If the trustee were to abandon the claim, that would give

Mr. Gorokhovsky the ability to pursue his cause of action. It also would deprive the Court of jurisdiction to decide it.

A bankruptcy court's jurisdiction is grounded in statute. Under 28 U.S.C. § 1334(b), district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." District courts may refer such proceedings to bankruptcy judges under 28 U.S.C. § 157(a), and the Eastern District of Wisconsin has done so. *See* Order of Reference (E.D. Wis. July 16, 1984). Section 1334(b) describes three types of proceedings over which this Court has subject matter jurisdiction: (1) proceedings *arising under* title 11; (2) proceedings *arising in* cases under title 11; and (3) proceedings *related to* cases under title 11.

A proceeding *arises under* title 11, if it "depend[s] on a right 'created or determined by a statutory provision of title 11.'" *Nelson v. Welch (In re Repository Techs., Inc.)*, 601 F.3d 710, 719 (7th Cir. 2010). Mr. Gorokhovsky's breach of contract claim was not created by the Bankruptcy Code, nor is it based on rights expressly provided in the Code, so it does not arise under title 11.

Proceedings *arising in* a case under title 11 are "administrative matters that arise *only* in bankruptcy cases," and "ha[ve] no existence outside of the bankruptcy." *Id.* Mr. Gorokhovsky's state law claim exists and can be litigated outside of bankruptcy, and therefore does not *arise in* a case under title 11.

That leaves *related to* jurisdiction, which the Seventh Circuit has interpreted narrowly. *See Matter of FedPak Sys., Inc.,* 80 F.3d 207, 214 (7th Cir. 1996). A proceeding is related to a bankruptcy case if it "affects the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987). In *Xonics,* the Seventh Circuit declined to find "related to" jurisdiction over a dispute concerning property that was no longer part of the bankruptcy estate, explaining: "When the disposition of the abandoned assets cannot possibly affect other creditors, there is no reason for the bankruptcy court's jurisdiction

to linger." *Id.* at 132.  Similarly, Mr. Gorokhovsky's prosecution of an abandoned state law breach of contract claim will have no effect on the administration of his no-asset Chapter 7 bankruptcy case.  This means the Court lacks statutory jurisdiction over such a claim.

So, the debtor faces a familiar Catch-22: if the claim remains property of the estate, he has no standing to pursue it; if the trustee abandons it, the Court lacks jurisdiction to consider it.  *See, e.g. Lewis v. Harris*, No. 3:08-CV-588 HTW-LRA, 2012 WL 12973188, at *6 (S.D. Miss. Apr. 5, 2012) (debtor lacked standing to pursue her state law medical malpractice claims until they were abandoned by the trustee; once abandoned, bankruptcy court lacked subject matter jurisdiction to consider them: the state-law negligence claims were not created or determined by title 11 and would exist outside bankruptcy so they neither arose under nor arose in a case under title 11, and because the trustee relinquished all rights in the claims, their outcome would have no effect upon the bankruptcy estate and therefore they were not "related to" the bankruptcy action).  Dismissal of Mr. Gorokhovsky's second cause of action is appropriate in this situation.

## CONCLUSION

For the foregoing reasons, Ms. Ocheretner's motion to dismiss is granted.  A separate order consistent with this decision will be entered.

Dated: August 20, 2018

By the Court:

Beth E. Hanan
United States Bankruptcy Judge